# AFFIDAVIT OF SPECIAL AGENT LISA RUDNICKI
# IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Lisa Rudnicki, depose and state as follows:

## Introduction and Agent Background

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives (AATF"), and have been so employed since February, 1996. In that capacity, I investigate violations of the federal firearms statutes and have participated in many investigations relating to the unlawful possession of firearms and ammunition.

2. Based on my training and experience, I am aware that Title 18, United States Code, Section 922(g)(1) makes it a federal offense for any individual who has previously been convicted of an offense carrying a maximum term of imprisonment greater than one year to possess a firearm or ammunition in or affecting interstate commerce.

3. I submit this affidavit in support of an application for a criminal complaint charging DONELL PHILLIPS with being in possession of firearm and ammunition after conviction for a crime punishable by a maximum term of imprisonment exceeding one year, in violation 18 U.S.C. § 922(g)(1).

4. This affidavit is based upon information provided to me by other agents and members of the Boston Police Department, review of the recordings generated in this investigation and review of documents and court papers. This affidavit is intended to show only that there is sufficient probable cause for the requested complaint and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE
### Background of DONELL PHILLIPS

5.     DONELL PHILLIPS was previously convicted of Assault and Battery in Cambridge District Court, Docket No. 1052CR002553, on January 5, 2011.  Under Mass. Gen. Laws c. 265, § 13A, assault and battery carries a *maximum penalty of two and one-half years of imprisonment*.  As such, this conviction qualifies as a conviction for a "crime punishable by imprisonment for a term exceeding one year."  18 U.S.C. § 921(a)(20) (excluding from definition "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of *two years or less*") (emphasis added).  The criminal complaint for Docket No. 1052CR002553 states the maximum penalty of two and one-half years of imprisonment for assault and battery on the face of the document, and it is my understanding that criminal defendants are provided with a 'Defendant Copy' of the criminal complaint at arraignment, which was September 18, 2010.  Therefore, because he was provided with a copy of the complaint, it is inferable that PHILLIPS knew that his conviction for assault and battery was for a crime punishable by a term of imprisonment greater than one year.  As such, PHILLIPS was a prohibited person at the time he possessed the firearm and ammunition on June 7, 2019.

6.     PHILLIPS has a prior conviction, from 2008, for violation of Mass. Gen. Laws c. 269, §10(h), Possession of ammunition without firearms identification card, and possession of marijuana.  PHILLIPS was convicted of both counts on April 14, 2008, in Dorchester District Court (Docket No. 0807CR001824). According to police reports, this case resulted from a search warrant executed at PHILLIPS' residence in Boston.  During the execution of that search warrant, Boston Police located approximately 194 rounds of ammunition of various calibers, including shotgun shells, an empty gun box, and a plastic bag of marijuana.  Officers also located numerous personal papers and effects of PHILLIPS, demonstrating his constructive possession of the ammunition.

7.     On April 10, 2017, a criminal complaint issued in South Boston District Court charging PHILLIPS with operating under the influence of intoxicating liquor ("OUI"), in violation of Mass. Gen. Laws c. 90, §24(1)(a)(1), and possession of a class B substance, in violation of Mass.

Gen. Laws c.94C, § 34 (Docket No. 1703CR00267).  PHILLIPS was arraigned on the case and variously appeared in court until May 21, 2018, at which point PHILLIPS defaulted and a warrant issued.

8.     On April 13, 2018, a criminal complaint issued in Lawrence District Court charging PHILLIPS with operating with a suspended license, subsequent offense, in violation of Mass. Gen. Laws c. 90, § 23 (Docket No. 1818CR001819).   PHILLIPS was arraigned on the case, defaulted, and a warrant issued on the first date after arraignment, which was June 8, 2018. PHILLIPS remains in warrant status on this matter.

9.     As of May 21, 2018, PHILLIPS was in warrant status until he was arrested on June 7, 2019, by Boston Police.

## May 8, 2019, Incident

10.    According to the Boston Police incident report and Det. Stanton of the Boston Police, in May 2019, PHILLIPS was the target of a drug investigation and Officers had completed at least three controlled buys of crack cocaine from 140 Quincy Street, focusing on PHILLIPS and Apartment 2. According to Det. Stanton, the controlled buys were coordinated by a confidential informant and PHILLIPS through phone calls.

11.    According to Boston Police incident reports, at approximately 2:00 pm on May 8, 2019, officers of the B2 Drug Control Unit observed PHILLIPS socializing on the porch of 140 Quincy Street.  Officers maintained surveillance and observed him walking down the street with three other people, including Chantel Wade, and Bruce Brown.  PHILLIP was holding an open bottle of Courvoisier Cognac, and drinking from the bottle.

12.    According to the reports, Officers Hooley and McDonough approached the group and asked for identification. PHILLIPS responded that he did not have identification with him, but

stated "it's at my house", "I live right there, at 140 Quincy Street." Officers asked his name and date of birth, and PHILLIPS provided his true name and accurate date of birth. One of the officers returned to the cruiser and queried PHILLIPS on his CJIS terminal. From the cruiser, the officer asked PHILLIPS if he still resided in Lynn. After this question, PHILLIPS abruptly turned and ran down the sidewalk toward 140 Quincy Street. Officers pursued PHILLIPS and observed a silver handgun fall from PHILLIPS' right side and hit the ground. One of the pursuing officers stopped and stayed with the firearm that remained on the sidewalk.

13. The second officer continued to chase PHILLIPS and observed an ammunition magazine with several live rounds scattered on the sidewalk of Quincy Street. Both officers then lost sight of PHILLIPS as he ran towards the area of 140 Quincy Street.

14. The firearm dropped by PHILLIPS during his flight from officers was recovered on the street and determined to be a silver Bryco Arms, Model 38, .380 caliber handgun, serial number 1184317 (the ".380 pistol"). The .380 pistol contained a live round in the chamber, and six additional rounds were recovered with a magazine that appeared to belong to the .380 pistol.

15. Believing PHILLIPS had ran into 140 Quincy Street, and was potentially armed, Boston Police officers formed a perimeter and SWAT responded to the scene. The other occupants were asked to exit, and Boston Police made an emergency entry to apprehend PHILLIPS. PHILLIPS was not located inside 140 Quincy Street.

16. The occupants identified Apartment 2 as PHILLIPS' apartment, and that he occupied a specific bedroom in that apartment. The occupants also stated that each bedroom has a separate lock. Apartment 2 was frozen pending the application for a state search warrant, which was granted.

17. During the execution of the search warrant, officers found the following:

    a. a Smith and Wesson .32 Caliber revolver with an obliterated serial number (kitchen)
    b. 3 digital scales (kitchen)
    c. digital scale (kitchen)
    d. digital scale (floor beneath PHILLIPS bed)
    e. Glass plate with razor blade and white residue and metallic rod (PHILLIPS bedroom under bed)
    f. Personal Papers in the name of Donell PHILLIPS (PHILLIPS room in black pack pack next to bed )
    g. 1 plastic bag Crack Cocaine (plastic baggie in headphones pouch in back pack next to bed in PHILLIPS bedroom)
    h. 1 plastic bag Cocaine (plastic baggie in headphones pouch in back pack next to bed in PHILLIPS bedroom)
    i. Plastic sandwich bags
    j. 27 Suboxone sublingual strips (back pack next to bed in PHILLIPS bedroom)
    k. strainer with white residue
    l. Box of razor blades
    m. Massachusetts Operators License in the name of Donell PHILLIPS (wallet in back pack next to bed in PHILLIPS bedroom)
    n. 1 live round of .380 cal ammunition (shoebox next to bed in PHILLIPS bedroom)
    o. Personal Papers in the name of Donell PHILLIPS
    p. Video Camera with memory card
    q. set of keys that opened the front lock of 140 Quincy St and the lock on bedroom #2 (change jar beside PHILLIPS bed)
    r. 942 rounds of ammunition of various calibers were recovered, in a Black duffle bag
    s. 2- plastic bags of crack cocaine
    t. 2- black firearm holsters
    u. A black soft firearm case

18. Based on this incident, two criminal complaints issued in Roxbury District Court on May 9, 2019.  Docket No. 1902CR001283 issued on May 9, 2019, charging PHILLIPS with Carrying a Firearm without a License, Carrying a Loaded Firearm without a License 2nd Offense, Drinking Alcohol in Public, and Possession of Ammunition without FID Card. A warrant issued for PHILLIPS' arrest on Docket No. 1902CR001283 on May 9, 2019.  Docket No. 1902CR001284 issued on May 9, 2019, charging PHILLIPS with Possession of Ammunition without FID Card, and two counts of Possession to Distribute a Class B Substance. A warrant issued for PHILLIPS' arrest on Docket No. 1902CR001284 on May 9, 2019.  PHILLIPS remained in warrant status on

both 1902CR001283 and 1902CR001284 until June 7, 2019, when he was arrested by Boston Police.

### June 7, 2019 Arrest of DONELL PHILLIPS

19.     On June 7, 2019, at approximately 10:00 pm, Det. Sgt. Champagnie, and Officers Acloque, Malaret, Leon, and MacRoberts of the B3 Drug Control Unit were in the area of Wayland and Howard Avenue, in Boston.  The Officers were aware of the circumstances of DONELL PHILLIPS' active warrants for the May 2019 incident, and became familiar with the physical description and photograph of PHILLIPS.

20.     Officers observed a black female later identified as Chantel Wade, operating a 2008 Audi, Mass. Registration 8KE352 ("Audi").  As the Audi drove by Officer Leon and Officer Acloque, they observed that the driver's window and rear driver's side window were rolled down.  Through the rear driver's side window, both Officer Leon and Officer Acloque observed an individual they believed to be DONELL PHILLIPS seated in the rear of the vehicle.  The Officers continued their surveillance of the vehicle as it travelled onto Columbia Road.

21.     When the vehicle reached the area of Columbia Road and Washington Street, Det. Sgt. Champagnie requested that a marked unit conduct a motor vehicle stop to apprehend PHILLIPS. Detective Cole was nearby and responded to the request. Detective Cole maneuvered his vehicle behind the Audi and initiated a traffic stop by illuminating the lights on his cruiser. The vehicle did not stop and continued travelling on Columbia Road, taking a right onto Washington Street.

22.     As the vehicle continued down Washington Street, the right rear door swung open and PHILLIPS sprinted from the vehicle and through a nearby parking lot.  Numerous officers were in pursuit of PHILLIPS as he ran through the parking lot, jumped over some bushes, and then leapt over a wall, and onto Bishop Joe L. Smith Way.

23.     After a short pursuit, Officer Malaret was able to tackle PHILLIPS and bring him to the ground.  At this point officers converged and assisted in placing PHILLIPS into handcuffs. Officer Depina conducted an initial frisk of PHILLIPS and felt a hard object shaped like a firearm in PHILLIPS' jacket pocket. Officer Depina then retrieved a small black Taurus firearm from PHILLIPS' pocket.  Officer Grant also retrieved five plastic bags of a white rock like substance, believed to be crack cocaine from PHILLIPS' pant pocket.  At booking, approximately $216 dollars was recovered, along with a black cellular phone.

24.     The firearm was determined to be a Taurus brand, TCP Model firearm, serial number: 03270E (the "Taurus").  The Taurus was loaded with one round of ammunition in the chamber and four rounds of ammunition in the magazine.

## Analysis of Firearm and Ammunition

25.     Based on ATF 4473 record for the purchase of the Taurus, I know this firearm was originally purchased in New Hampshire at Granite State Indoor Range and Gun Shop, on September 29, 2018.  Therefore, the Taurus necessarily traveled in interstate commerce by crossing state lines into Massachusetts prior to its recovery on June 7, 2019, by Boston Police in Boston, MA.

26.     The Taurus, Model PT738 TCP, .380 ACP caliber pistol, serial number 03270E contained a total of 5 total rounds of .380 auto caliber ammunition, specifically 1 round of Federal brand ammunition and 4 rounds of Blazer brand ammunition.  Members of ATF have examined this firearm and the ammunition and know they meet the definition of firearm and ammunition under federal law.  The Taurus firearm and the 5 rounds of ammunition were manufactured outside of Massachusetts.

## CONCLUSION

27. Based on the information described above, there is probable cause to believe that on June 7, 2019, DONELL PHILLIPS violated 18 U.S.C. § 922(g)(1), by possessing a firearm and ammunition as defined by federal law, after being convicted of a crime punishable by a term of imprisonment greater than one year.

Signed under the pains and penalties of perjury this __3__ day of July, 2019.

_____
Special Agent Lisa Rudnicki
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me this this __3__ day of July, 2019.

_____
HON. DONALD L. CABELL
UNITED STATES MAGISTRATE JUDGE

